IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR CITRUS COUNTY, FLORIDA

RYAN JAMES, an individual,

      Plaintiff,

Case No.: 2020 CA 000139 A

v.

EWING WATERPROOFING SYSTEMS, INC.,
a Florida profit corporation,

      Defendant.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RYAN JAMES ("James" or "Plaintiff"), by and through his undersigned counsel, hereby files this Amended Complaint and Demand for Jury Trial against Defendant, EWING WATERPROOFING SYSTEMS, INC. ("Ewing" or "Defendant").[1] In support of his claims, Plaintiff states as follows:

### JURISDICTION AND VENUE

1. This is an action for more than thirty thousand dollars ($30,000.00), exclusive of attorneys' fees, costs, and interest.

2. This is an action seeking relief under Section 448.101 *et seq.*, Florida.

3. Venue lies within Citrus County because Plaintiff resides in Citrus County, Florida.

### PARTIES

4. Plaintiff is an individual and a resident of Citrus County, Florida. At all material times, Plaintiff was a resident of Citrus County, Florida.

5. Plaintiff is a former employee of Defendant.

6. Defendant is a Florida corporation qualified to do business in the State of Florida.

---

[1] The Complaint has been amended simply to correct a clerical oversight with respect to the amount in controversy.

7. Defendant's principal address is 2521 NW 74th Place, Gainesville, Florida 32653.

8. Defendant conducts business throughout the state of Florida, including Citrus County.

## GENERAL ALLEGATIONS

9. In or about October 2017, Plaintiff began working as an employee of Defendant.

10. As an employee of Defendant, Plaintiff performed services for and under the control and direction of Defendant in exchange for wages or other remuneration.

11. At all times material to this action, Defendant employed ten (10) or more people.

12. During the course of his employment with Defendant, Defendant required Plaintiff and other employees to work in unsafe work conditions in violation of various regulations set forth by the Occupational Safety and Health Administration (OSHA), including insufficient fall protection and unsecured scaffolding and ladders.

13. In February 2018, Plaintiff objected to Defendant's activities, policies, and/or practices of requiring Plaintiff and other employees to work in unsafe conditions in violation of OSHA rules and regulations.

14. On or about February 27, 2018, Plaintiff informed Defendant that his company-issued fall protection did not fit him and was ineffective. However, Defendant nonetheless required Plaintiff to continue working without sufficient fall protection.

15. On or about February 28, 2018, Plaintiff informed his supervisor in writing that Defendant was violating OSHA. On that same day, Plaintiff objected to Defendant's unlawful practice with respect to insufficient fall protection and refused to work at elevation without the legally required fall protection. Defendant told Plaintiff that it was his responsibility to obtain his own fall protection harness and Defendant would not pay for the harness as it was considered

Plaintiff's "personal equipment." Plaintiff then notified Defendant, in writing, that OSHA required Defendant to provide Plaintiff and all other employees with adequate fall protection and it was not the employees' responsibility to obtain their own fall protection.

16. On or about February 28, 2018, after Plaintiff objected to Defendant's unlawful practices and refused to continue working without proper fall protection, as described in the previous paragraph, Defendant terminated Plaintiff's employment.

17. Plaintiff provided Defendant a reasonable opportunity to correct the unlawful policy and practices described in Paragraphs 12 through 15.

18. Defendant terminated Plaintiff in retaliation for his objections and complaints regarding Defendant's unlawful policies and practices and his refusal to participate in such practices.

19. Any and all conditions precedent to the maintenance of this action have occurred, have been waived, or have been otherwise fully performed.

20. Plaintiff has retained the undersigned counsel and is obligated to pay them their reasonable attorneys' fees, costs and expenses for prosecuting this matter.

## **COUNT I**

21. Plaintiff realleges the allegations of Paragraphs 1 through 20, as fully set forth herein.

22. This cause of action is brought against Defendant for retaliatory personnel action in violation of § 448.101, *et. seq.*, Florida Statutes.

23. OSHA's rules and regulations are federal rules and regulations that apply to Defendant and its business.

24. OSHA's rules and regulations set forth:

  a. "Employers shall provide and install all fall protection systems required by this subpart for an employee and shall comply with all other pertinent requirements of this subpart before that employee begins the work that necessitates the fall protection." C.F.R. § 1926.502(a)(2).

  b. Employers shall provide working conditions that are free of known dangers and shall "provide required personal protective equipment at no cost to workers." C.F.R. § 1926.95(d)(1).

25. Plaintiff engaged in protected activity when he objected to, and refused to participate in, Defendant's unlawful policies and practices with respect to violations of OSHA's rules and regulations.

26. Defendant terminated Plaintiff's employment, which constitutes an adverse employment action against Plaintiff.

27. Defendant's termination of Plaintiff's employment would dissuade a reasonable employee from engaging in protected activity.

28. Defendant terminated Plaintiff because he objected to, and refused to participate in, Defendant's unlawful policies and practices with respect to violations of OSHA's rules and regulations.

29. Defendant's termination of Plaintiff's employment was not predicated on a ground other than Plaintiff's objection to, and/or refusal to participate in, Defendant's unlawful policies and practices.

30. Defendant's termination of Plaintiff's employment constitutes a retaliatory personnel action against Plaintiff that is prohibited by §448.102, Florida Statutes.

31.     Plaintiff is entitled to an award of reasonable attorneys' fees, court costs, and expenses related to this action.

WHERFORE, Plaintiff, Ryan James, prays for judgment against Defendant, Ewing Waterproofing Systems, Inc., and for relief as follows:

a.     Compensation for lost wages, benefits, and other remuneration;

b.     Reinstatement of Plaintiff to the same position held before Defendant's retaliatory personnel action, or an equivalent position;

c.     Reinstatement of full fringe benefits and seniority rights, as applicable;

d.     An injunction restraining Defendant from continued violations of Florida Statutes, §448.101 *et seq.*;

e.     Reasonable attorneys' fees, costs, and expenses related to prosecuting this action; and

f.     Any other compensatory damages allowable at law.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all triable issues.

Dated:  April 9, 2020

                                                  */s/ Benjamin S. Briggs*
Benjamin S. Briggs
Florida Bar No. 113814
Elliot Haney
Florida Bar No. 1018829
**COTNEY CONSTRUCTION LAW, LLP**
3110 Cherry Palm Drive, Suite 290
Tampa, Florida 33619
Telephone:  813-579-3278
Fax:  813-902-7612

                                                                                 bbriggs@cotneycl.com
                                                                                 ehaney@cotneycl.com
                                                                                      lcox@cotneycl.com
                                                                  ehinsley@cotneycl.com
                                                                  *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed with the Florida Courts E-Filing Portal which will automatically serve a copy via electronic mail to **Robert P. Butts, Esq.**, Warner, Sechrest & Butts, P.A., 5200 SW 91st Terrace, Suite 101, Gainesville, FL 32608 (RButts@fbswlaw.com, Lisa@fbswlaw.com and SHipworth@fbswlaw.com) this 9th day of April, 2020.

                                                                    */s/ Benjamin S. Briggs*